———o———

GEORGE R. G. BEAUCHAMP, *et al.*, Plaintiffs in Error, *vs.* STEPHEN R. SHRADER, Defendant in Error.

1. Garner vs. Jones, *ante*, p. 68 affirmed.

*Error to Clay Circuit Court.*

*Samuel Hardwick*, for Plaintiffs in Error, cited: Barncord vs. Kuhn, 36 Penn. Rep., 383; Taylor on Infancy and Coverture, p. 494, 502.

*Richards and Sandusky*, for Defendants in Error.

Land conveyed to husband and wife passes to survivor. (Gibson vs. Zimmerman, 12 Mo., 385; Bates vs. Seeley, 46 Penn. State, 248; Babbit vs. Scroggin, 1 Duval, Ky., 272.)

There is no resulting trust in favor of the wife and her heirs. (Lux vs. Hoff, 47 Ill., 425; Farmers Bank vs. Gregory, 49 Barb., 155.)

ADAMS, Judge, delivered the opinion of the court.

This was a suit in ejectment to recover possession of certain lands described in the petition. The defendant answered, admitting his possession, but claiming title to the premises.

Upon the trial, the following facts were agreed on, viz: That on the 7th day of July, A. D. 1851, one James T. V. Thompson, was seized and possessed in fee simple of the lands sued for. That on said day said Thompson executed and delivered a deed, in words and figures as follows, viz:

" This indenture made and entered into this 7th day of July, A. D. 1851, by and between James T. V. Thompson and Emily W. Thompson his wife, of the county of Clay in the State of Missouri, of the first part and Eliza Shrader and Stephen R. Shrader, her husband of the County and State aforesaid of the second part, Witnesseth: That the said party of the first part, for and in consideration of the natural love and affection which they have and bear for the said Eliza Shrader—being the daughter of the said James T. V. Thompson, and for the further consideration of one dollar to them, the said party of the first part, by the said party of the second part paid, the receipt of which is acknowledged, have given, granted, bargained and sold and by these presents do give, grant, bargain, sell, alien and convey unto the said party of the second part and to their heirs and assigns forever, certain tracts or parcels of land lying and being in the county of Clay and the State of Missouri, viz: (here the land is described as in the petition.) " (The above tract of land is given to the said party of the second part by way of advancement and is valued and charged to them at two thousand two hundred and fifty dollars) together with all and singular the appurtenances thereunto belonging, or in any wise appertaining. To have and to hold the above described pieces or parcels of land, with all the appurtenances thereto belonging or any wise appertaining, to the only proper use, benefit and behoof of them, the said party of the second part, and their heirs and assigns forever. And the said party of the first part, for themselves, their heirs and executors and administrators, covenant to and with the said party of the

second part and their heirs and assigns, that the above describ-ed tracts, pieces or parcels of land, and every part or parcel thereof, they will warrant and forever defend the same, against all claims of whatever nature to them, the said party of the second part and their heirs and assigns, forever.

In witness whereof, the said parties of the first part have hereunto set their hands and seals, this 7th day of July, A. D. 1851.

Signed,     JAMES T. V. THOMPSON.
            EMILY W. THOMPSON.

This deed is acknowledged in due form before the Circuit Clerk of Clay county, and filed for record on the 24th day of September, A. D. 1851, and duly recorded in record book M. p. 308, of the records of Clay county.

It is further agreed, "that Shrader and his wife were put into possession of said property, pursuant to said deed, and so continued until the 15th day of November, A. D. 1863; that on said day Eliza Shrader died; that she was the wife of Ste-phen R. Shrader and daughter of said Thompson; that since said time Shrader has been in possession of said land, and was in possession at the time of the institution of this suit. That the plaintiffs are the sole heirs of Eliza Shrader."

The plaintiffs asked the following declarations of law, which were refused :

1st. That the defendant does not take said property by sur-vivorship, upon the death of Mrs. Shrader.

2d. That the facts show that plaintiffs are entitled to the possession of the property.

The defendant asked the following declarations of law, which were given :

1st. That under the deed from Thompson to Shrader and his wife, they had a joint estate, and upon the death of Mrs. Shrader, Stephen R. Shrader, her husband, took the same by survivorship.

2d. That the facts agreed upon show no title in plaintiffs in this cause.

The court gave judgment for the defendant.

Motion for new trial and in arrest of judgment were filed and overruled. Exceptions taken and the case is brought here by writ of error.

Refusing instructions asked by the plaintiffs; giving those asked by defendant; giving judgment for defendant, and overruling plaintiffs' motions for new trial and in arrest of judgment, are assigned for error.

The only question presented by this record is the proper construction of the deed from Thompson and wife to Shrader and wife. This deed in all its features is substantially the same as the deed passed on by this court in the case of Garner and wife, vs. Jones, decided at the present term of this court, and the law as laid down in that case must govern this. Under this view the judgment must be affirmed. The other judges concur.